**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

MARVA R. BELL,

Plaintiff,

v.

COLEMAN YOUNGER, JIM NEWTON, AND STACEY HARRISON,

Defendant.

Case No. 26-2374-HLT-BGS

**REPORT & RECOMMENDATION OF DISMISSAL**
**REGARDING *PRO SE* AMENDED COMPLAINT**

Plaintiff Marva R. Bell filed this action *pro se*, alleging legal malpractice. (*See generally* Doc. 1.) In conjunction with her federal court Complaint (*id.*), Plaintiff filed a motion to proceed without prepayment of fees (*IFP* motion, Doc. 3), with a supporting financial affidavit (Doc. 3-1). That motion was resolved by the undersigned Magistrate Judge by separate Order. (Doc. 5.) Plaintiff has since filed an Amended Complaint.[1] (Doc. 7.)

After review of Plaintiffs' Amended Complaint (*id.*), the Court has identified the concern that the District Court lacks subject matter jurisdiction to hear Plaintiff's claims. Further, the Court determines that Plaintiff's claims are barred by the doctrine of *res judicata* (claim preclusion) and/or collateral estoppel (issue preclusion). The undersigned Magistrate Judge thus **recommends** to the District Court that the Complaint (Doc. 1) be **DISMISSED**.

The undersigned also considers Plaintiff's Motion to Vacate Settlement (Doc. 8), supplement

[1] The undersigned previously issued a Report & Recommendation of dismissal (Doc. 6) of Plaintiff's original Complaint (Doc. 1). Due to administrative issues with the Court's CMECF filing system, that Recommendation was filed after Plaintiff had filed her Amended Complaint, making the Recommendation moot. (*See* Doc. 10.) As such, that previous Recommendation was withdrawn by the undersigned. (*Id.*)

thereto (Doc. 15), and Motion to Alter or Amend Judgment (Doc. 18). For the reasons set forth below, the undersigned **recommends** to the District Court that these motions (Docs. 8, 15, and 18) be **DENIED**.

**FACTUAL BACKGROUND**

As an initial matter, the Court notes that Plaintiff previously filed a similar legal malpractice case against this same Defendant in this District, *Bell v. Younger*, D. Kan. Case No. 26-4007-HLT-BGS. The undersigned Magistrate Judge recommended to the District Court that this previous case be dismissed for noncompliance with Fed. R. Civ. P. 8 (by failing to properly allege facts in support her potential claims against Defendants and failing to adequately identify the elements of the cause of action she alleges) and for the failure to establish a basis for federal court jurisdiction. (Case No. 26-4007, Doc. 7.)

As to the prior case, the undersigned expressed her frustration at being unable to determine the exact nature of Plaintiff's claims or her basis for federal court jurisdiction given the sprawling nature of her Complaint and exhibits thereto, which consisted of 187 pages. (*Id.*, at 1.) The Court determined, however, that Plaintiff attempted to bring a legal malpractice claim against Defendant Younger, who may have represented her in an underlying personal injury (slip and fall) case or potential medical malpractice lawsuit. (*See generally id.* and attachments thereto; Case No. 26-4007, at Doc. 1-3, at 2, Doc. 1-4, and Doc. 7.)

District Judge Holly Teeter subsequently adopted the Report & Recommendation of Dismissal from the undersigned. (*See* Case No. 26-4007, Doc. 13.) Judge Teeter noted that Plaintiff failed to object to the R&R, thus waiving her right to the District Court's *de novo* review of the R&R. (*Id.*, at 1.) That stated, Judge Teeter substantively agreed with the recommendation of the undersigned, stating that Plaintiff's Complaint in that case "lack[ed] subject matter jurisdiction and that Plaintiff fails to state a claim[.]" (*Id.*, at 1-2.) Thus, Judge Teeter adopted the R&R in its

entirety. (*Id.*)

Plaintiff then filed an appeal to the Tenth Circuit. (Case No. 26-4007, at Doc. 15.) The Tenth Circuit ultimately affirmed the decision of the District Court. (Case No. 26-4007, Doc. 23.) Therein, the Tenth Circuit substantively held that its "review of the complaint confirms the district court properly dismissed it for lack of subject-matter jurisdiction." (*Id.*, at 4 (citations omitted).) Plaintiff has since filed two motions for relief from judgment as well as a motion to vacate in that prior case, all of which remain pending before the District Judge. (*See* Case No. 26-4007, at Docs. 24, 25, and 26.)

In the present matter, Plaintiff has filed another civil lawsuit against her former attorney, Defendant Younger. (Doc. 7.) Per the Amended Complaint, Plaintiff alleges the same claim for legal malpractice relating to the same events as alleged in the Complaint in her prior case. (*Compare* Doc. 7 to Case No. 26-4007 Doc. 1.) In the Administrative Procedures portion of the form Complaint (Section VIII), Plaintiff even admits that the claims in this civil action were previously adjudicated in her prior lawsuit. (*See* Doc. 7, at 5.)

The caption of the amended pleading also includes names of two insurance adjusters as individual Defendants – Jim Newton and Stacey Harrison. Plaintiff describes Newton as the "American [F]amily insurance company insurance [a]djuster … who is no longer with the company" and Harrison as the adjuster who "has been placed on the claim." (*Id.*, at 2.) As discussed below, however, other than this lone identifying reference, these Defendants improperly appear in name only – the Amended Complaint contains no reference to either Defendant in the factual allegations nor are there any claims directed at them. (*See generally*, *id.*)

## ANALYSIS

### I. Screening of Plaintiff's Amended Complaint.

#### A. Standard of Review for IFP Complaints.

When a plaintiff proceeds IFP, the court may screen the Complaint under 28 U.S.C. § 1915(e)(2). The court "shall dismiss" an *in forma pauperis* case "at any time if the court determines that … the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). The purpose of § 1915(e) is "the prevention of abusive or capricious litigation." *Harris v. Campbell*, 804 F. Supp. 153, 155 (D. Kan. 1992). *Sua sponte* dismissal under §1915(e) may be appropriate when "on the face of the complaint it clearly appears that the action is frivolous or malicious." *Hall v. Bellmon*, 935 F.2d 1106, 1108 (10th Cir. 1991).

In evaluating whether dismissal is appropriate, the Court applies the same standard used for motions under Federal Rule of Civil Procedure 12(b)(6). *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). The Court accepts well-pleaded facts as true and draws reasonable inferences in the plaintiff's favor. *See Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir. 2006). To survive screening, a complaint must contain sufficient factual matter to state a claim that is plausible on its face; conclusory allegations are insufficient. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–70 (2007). Although a complaint need not include detailed factual allegations, it must provide sufficient notice of the claims asserted so that a defendant may reasonably respond. Fed. R. Civ. P. 8(a); *Monroe v. Owens*, 38 Fed. App'x 510, 515 (10th Cir. 2002). Because Plaintiff proceeds *pro se*, the Court construes his filings liberally, but he must still allege sufficient facts to support a recognized legal claim. *Hall*, 935 F.2d at 1110.

The Court also has an independent obligation to ensure it has subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). The Court may raise the issue *sua sponte*. *See 1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006). When it becomes apparent that subject matter jurisdiction is lacking, the Court must dismiss the case regardless of the

stage of the proceeding. *Fish v. Kobach*, 189 F. Supp. 3d 1107, 1124–25 (D. Kan. 2016). To determine whether a plaintiff has adequately alleged subject-matter jurisdiction, the court looks to the face of the complaint. *Penteco Corp. v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991).

**B. Newly Named Defendants.**

As mentioned above, Plaintiff named two insurance adjusters as Defendants in the caption of the Complaint. These Defendants, however, appear in name only – the Amended Complaint contains no reference to either Defendant in the factual allegations and there are no legal claims directed at them. In addition to the requirement of listing all parties in the case caption, *see* Fed. R. Civ. P. 10(a), "each properly-designated defendant must be referred to again in the body of the complaint where the plaintiff is required to describe each defendant's personal participation in the acts upon which the complaint is based." *Keltner v. Bartz*, No. 13-3022-SAC, 2013 WL 761157, at *3 (D. Kan. Feb. 27, 2013).

This also violates the requirements of Fed. R. Civ. P. 8(a), which states that a complaint must provide "a short and plain statement of the grounds upon which the court's jurisdiction depends" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1), (2). There are no allegations of fact regarding these Defendants to sustain the respective elements of the denominated claims contained in the Complaint. *See Whayne v. State of Kansas*, 980 F. Supp. 387, 393 (D. Kan. 1997). Further, "there are no allegations of any involvement or participation" by these named Defendants. *Id.* Plaintiff's Amended Complaint utterly fails to provide "a short and plain statement" showing that she is entitled to relief against these two newly-named individual Defendants.

In circumstances such as these – wherein a party or parties are named in the case caption only – the Court would often be inclined to enter an order requiring Plaintiff show cause in writing why the case should not be recommended for dismissal. Given the other issues with Plaintiff's

Amended Complaint discussed *infra*, however, the Court finds this to be futile. The Court will instead recommend to the District Court that Plaintiff's Amended Complaint be dismissed for lack of jurisdiction and/or the failure to state a viable claim. Dismissal without an opportunity to amend is proper only when it is obvious that plaintiff cannot prevail on the facts alleged and amendment would be futile. *Curley v. Perry*, 246 F.3d 1278, 1281–82 (10th Cir. 2001). As discussed below, the deficiencies here are not limited to mere technical omissions.

### C. Federal Court Jurisdiction.

Federal courts have limited jurisdiction and may exercise jurisdiction only when specifically authorized to do so. *PHH Mortg. Corp. v. Stuber*, No. 22-1075-JWB, 2022 WL 4597852, at *3 (D. Kan. Sept. 30, 2022). In addition, the Court has an obligation to ensure it has subject matter jurisdiction to hear and resolve the action. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *see also Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434, 131 S. Ct. 1197, 1202, 179 L. Ed. 2d 159 (2011). The Court may raise the issue *sua sponte*. *See 1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006). Because the jurisdiction of federal courts is limited, "there is a presumption against [] jurisdiction, and the party invoking federal jurisdiction bears the burden of proof." *Marcus v. Kan. Dep't of Revenue*, 170 F.3d 1305, 1309 (10th Cir. 1999).

There are two statutory bases for federal subject-matter jurisdiction: federal-question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff has not alleged violations of any federally-protected rights or federal statutes. Rather, she alleges two state common law causes of action for legal malpractice and breach of fiduciary duty. (Doc. 1, at 4.) Plaintiff appears to list the basis for federal court jurisdiction as diversity of citizenship (*Id.*, at 2),[2]

[2] The Court says "appears to" because the bracketed language regarding jurisdiction in the Complaint infers that Plaintiff used stock language from a form Complaint and failed to choose between diversity citizenship or a statutory basis. (*See*

while indicating that both she and Defendant have addresses in Kansas. (Doc. 1-3, at 1.)

"Diversity jurisdiction requires complete diversity – no plaintiff may be a citizen of the same state as any defendant." *Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015). For diversity purposes, "a natural person is deemed a citizen of the state in which he or she is domiciled." *Mid-Century Ins. Co. v. Johnson,* No. 13-2191-RDR, 2013 WL 3013620, at *2 (D. Kan. June 14, 2013) (*citing Smith v. Cummings*, 445 F.3d 1254, 1260–61 (10th Cir. 2006)).

Based on the information contained in Plaintiff's Amended Complaint, the Court surmises that both she and Defendant Younger are citizens of Kansas. (*See* Doc. 7, at 1-2.) The Court notes that the newly named Defendants appear to be identified as citizens of Wisconsin. (*See id.*, at 2). The Court surmises that Plaintiff named these individuals in a failed attempt to establish diversity jurisdiction. As stated above, however, Plaintiff may not be the citizen of the same state as any Defendant. *Grynberg*, 805 F.3d at 905. Thus, there is no diversity of citizenship and the Court lacks subject matter jurisdiction over Plaintiff's claims. The undersigned Magistrate Judge thus **recommends** to the District Court that Plaintiff's Complaint (Doc. 1) be **DISMISSED**.

### D. *Res Judicata* and/or Collateral Estoppel.

Even assuming the Court had jurisdiction to hear Plaintiff's claims, the Court would still recommend dismissal on the basis of *res judicata* and/or collateral estoppel. As indicated above, Judge Teeter issued her Order adopting the report and recommendation of dismissal filed by the undersigned in Plaintiff's prior case. (Case No. 26-4007, Doc. 13.) Further, this determination by Judge Teeter was affirmed by the Tenth Circuit. (Case No. 26-4007, Doc. 23.) As such, the undersigned must consider whether this case is barred by the doctrine of *res judicata* or collateral

Doc. 1.) Liberally construing Plaintiff's Complaint, however, the Court will surmise that she is alleging diversity jurisdiction as she has alleged no statutory basis for jurisdiction.

estoppel.[3]

The Court may raise the doctrines of *res judicata* or collateral estoppel *sua sponte* in the interests of avoiding "unnecessary judicial waste." *United States v. Sioux Nation*, 448 U.S. 371, 432 (1980) (Rehnquist, J., dissenting on other grounds); *but see Arizona v. Calif.*, 530 U.S. 392, 412-13 (2000) (court must be "cautious about raising a preclusion bar *sua sponte*" where "no judicial resources have been spent on the resolution of a question"). In the matter before the Court, significant judicial resources have been expended by the District of Kansas as well as the Tenth Circuit Court of Appeals on Plaintiff's prior lawsuit asserting the same claims and allegations against this same Defendant.

"*Res judicata*, or claim preclusion, precludes a party or its privies from relitigating issues that were or could have been raised in an earlier action, provided that the earlier action proceeded to a final judgment on the merits." *King v. Union Oil Co.*, 117 F.3d 443, 445 (10th Cir. 1997); *see also Winkel v. Miller*, 288 Kan. 455, 205 P.3d 688, 697 (2009) ("The doctrine of res judicata (or claim preclusion) prohibits a party from asserting in a second lawsuit any matter that might have been asserted in the first lawsuit." (citation and internal quotation marks omitted)). "The fundamental policies underlying the doctrine of res judicata (or claim preclusion) are finality, judicial economy, preventing repetitive litigation and forum-shopping, and the interest in bringing litigation to an end." *Plotner v. AT & T Corp.*, 224 F.3d 1161, 1168 (10th Cir. 2000) (citations and internal quotation marks omitted)). Also, this doctrine "expresses a policy designed to protect the defendant from harassment and the public from multiple litigation." *Griffith v. Stout Remodeling, Inc.*, 219 Kan. 408, 548 P.2d 1238, 1240 Syl. ¶ 7 (1976).

[3] " 'While the concept of *res judicata* is broad enough to encompass both claim preclusion and issue preclusion, the modern trend is to refer to claim preclusion as *res judicata* and issue preclusion as collateral estoppel.' " *Klaasen v. Atkinson*, 348 F. Supp. 3d 1106, n.6 (D. Kan. 2018) (citation omitted). *See also* 46 Am. Jur. 2d Judgments § 516); *Carter v. City of Emporia*, 815 F.2d 617, 619 n.2 (10th Cir. 1987) ("Res judicata is sometimes used to refer only to the narrower concept of claim preclusion, as distinguished from issue preclusion, which is sometimes called collateral estoppel.").

*Res judicata* consists of four elements: "(1) same claim; (2) same parties; (3) claims were or could have been raised; and (4) a final judgment on the merits." *Klaasen*, 348 F. Supp. 3d at 1158 (citation omitted). An exception applies, though, "if the party seeking to avoid preclusion did not have a full and fair opportunity to litigate the claim in the prior suit." *Id.* (citation omitted).

Under the doctrine of collateral estoppel, also known as issue preclusion, "once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Allen v. McCurry*, 449 U.S. 90, 94 (1980); *see also Moss v. Kopp*, 559 F.3d 1155, 1161 (10th Cir. 2009) ("Collateral estoppel bars a party from relitigating an issue once it has suffered an adverse determination on the issue, even if the issue arises when the party is pursuing or defending against a different claim."). To establish that issue preclusion bars a claim, the following factors must exist: "(1) the issue previously decided is identical with the one presented in the action in question, (2) the prior action has been finally adjudicated on the merits, (3) the party against whom the doctrine is invoked was a party or in privity with a party to the prior adjudication, and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action." *Moss*, 559 F.3d at 1161.

After comparing the claims brought by Plaintiff in the present matter with those brought in Case No. 26-4007, the Courts finds all four factors are satisfied regardless of whether the Court applies *res judicata* or collateral estoppel to Plaintiff's claims. Thus, dismissal is warranted on these grounds. As discussed above, both cases allege the same instance of legal malpractice against an attorney who allegedly represented Plaintiff in the exact same lawsuit. The prior action has been fully and finally adjudicated on the merits. Plaintiff was a party in the prior adjudication. Finally, Plaintiff had a full and fair opportunity to litigate the issue in the prior action.

The Court notes that Plaintiff has named two new Defendants in the caption. Therefore, it could be argued that this case does not establish all of the *res judicata* elements, which requires the

cases involve the same parties. *Klaasen*, 348 F. Supp. 3d at 1158. As discussed above, however, there are no factual or legal allegations regarding either of these newly named individual Defendants in the Amended Complaint. Thus they are not properly named Defendants. (*See* Doc. 7.) It is therefore also **recommended** to the District Judge that Plaintiff's claims be **DISMISSED** as barred by the doctrines of *res judicata* and/or collateral estoppel.

## II. Motion to Vacate Settlement (Doc. 8) and Supplement (Doc. 15).

Also before the Court is Plaintiff's Motion to Vacate Settlement. (Doc. 8.) Therein, Plaintiff asks the Court to set aside the December 2026 settlement agreement she entered into regarding the underlying personal injury (slip and fall) case and/or potential medical malpractice lawsuit that is the basis of her the legal malpractice claim against Defendant Younger. (*See generally* Doc. 7; *see also* Case No. 26-4007, at Doc. 1-3, at 2, Doc. 1-4, and Doc. 7.) Plaintiff asks that the Court to enter an order "reopening the underlying civil action; and restoring the case to the active trial docket for a full adjudication on the merit's [sic]." (Doc. 8, at 1.) She also asks the Court to "void a coerced settlement, release, or contract." (*Id.*)

A district court may relieve a party from a final judgment or order on the following grounds:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud...misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged ...; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Such relief is "extraordinary and may only be granted in exceptional circumstances." *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.*, 909 F.2d 1437, 1440 (10th Cir. 1990) (citation omitted). *See also Smith v. Amazon.com Servs. LLC*, No. 21-2260-JAR, 2022 WL 4743697 (D. Kan. Oct. 3, 2022) (citation omitted).

As an initial matter, Plaintiff's motion to set aside the settlement should be filed in the case

in which the settlement was reached rather than the instant case. Even assuming it was appropriate for Plaintiff to request this relief in the present case, she has failed to cite authority or case law to support her request. Further, her motion is devoid of any factual basis that would allow the Court to grant her request, other than an oblique reference to the settlement being "coerced." (Doc. 8, at 1.) Simply stated, Plaintiff "does not identify any circumstance entitling [her] to such relief" and does not "provide any valid reason to 'reopen' the case and set aside the settlement agreement." *Smith*, 220 WL 4743697, at *2.

Plaintiff subsequently filed a "supplement" to the motion to vacate the settlement in which she alleges that she had previous contact with the mediator unrelated to that case. Although Plaintiff's narrative is somewhat difficult to understand, the Court has determined that Plaintiff alleges she exchanged text messages with the mediator in April 2025 – some 8 months prior to the mediation at issue – relating to Plaintiff's alleged rental application for a residential property owned by the mediator. (*See* Doc. 15, at 2, 3.) Plaintiff indicates that "during that previous interaction, the mediator gave Plaintiff his wife's private number for contact." (*Id.*)

Plaintiff continues that "at no point prior to or during the mediation did [the mediator] Christopher Brenna disclose this prior professional or personal contact," which Plaintiff asserts violated "required conflict-of-interest disclosure standards." (*Id.*) Plaintiff's motion clearly indicates, however, that at the mediation, the mediator "made comments indicating he recalled speaking with Plaintiff … in the past" and/or that he "vaguely remembered Plaintiff's name … [.]" (*Id.*) Plaintiff asks that the mediator be disqualified "from any future involvement in this matter," for the Court to declare the December 2025 mediation and any resulting settlement documents "null and void," and for the Court to stay these proceedings "to allow Plaintiff adequate time to secure new legal counsel[.]" (*Id.*, at 4.)

Even assuming Plaintiff could use the present case to vacate a settlement or void a

mediation that occurred in a different case, there is nothing about the circumstances alleged by Plaintiff that supports doing so. There is nothing presented by Plaintiff that supports an application of Fed. R. Civ. P. 60(b). Plaintiff argues her delayed discovery or recollection of the previous messages with the mediator constitutes "newly discovered evidence." Plaintiff has specifically indicated, however, that she was made aware of the mediator's vague familiarity with her at the time of the mediation. Thus, this does not constitute evidence that, with reasonable diligence, could not have been discovered in a more-timely manner. Further, there is nothing about the exchange that would even remotely infer that the mediator's impartiality was in any way compromised. The undersigned thus **recommends** to the District Court that Plaintiff's motion to vacate settlement (Doc. 8) and supplement thereto (Doc. 15) be **DENIED**.

## III. Motion to Alter or Amend Judgment (Doc. 18).

Finally, Plaintiff has filed a motion to alter or amend the final judgment entered on June 29, [2]026" pursuant to Fed. R. Civ. P. 59. (Doc. 18.) This motion ostensibly relates to the Court's prior Report and Recommendation of Dismissal to the District Court. (Doc. 6, filed 6/29/26 and withdrawn that same date by Doc. 10.)

Fed. R. Civ. P. 59(e) governs motions to alter or amend a judgment. The Rule indicates such a motion must be filed "no later than 28 days after the entry of the judgment." In this instance, however, there was no entry of judgment. The document Plaintiff seeks to alter or amend is merely a recommendation from the undersigned Magistrate Judge to the District Court. Further, as clearly indicated herein and on the case docket, this recommendation was found to be moot and withdrawn. (*See* Doc. 10.) As such, there is nothing to be altered or amended. The undersigned thus **recommends** to the District Judge that Plaintiff's motion (Doc. 18) be **DENIED AS MOOT**.

## CONCLUSION

For the reasons set forth above, the Court finds that Plaintiff has failed to properly establish

a basis for federal court jurisdiction. Further, her claims are barred by the doctrine of *res judicata* and/or collateral estoppel.

**IT IS THEREFORE RECOMMENDED** to the District Court that Plaintiff's Amended Complaint (Doc. 7) be **DISMISSED** for lack of subject matter jurisdiction and under the doctrine of *res judicata* and/or collateral estoppel.

**IT IS FURTHER RECOMMENDED** to the District Court that Plaintiff's Motion to Vacate Settlement (Doc. 8) and supplement thereto (Doc. 15) be **DENIED** for the reasons set forth above.

**IT IS FURTHER RECOMMENDED** to the District Court that Plaintiff's Motion to Alter or Amend Judgment (Doc. 18) be **DENIED AS MOOT**.

**IT IS ORDERED** that a copy of the recommendation shall be sent to Plaintiff via certified mail. Pursuant to 28 U.S.C. § 636(b)(1), Fed R. Civ. P. 72, and D. Kan. Rule 72.1.4, Plaintiff shall have fourteen (14) days after service of a copy of these proposed findings and recommendations to serve and file with the U.S. District Judge assigned to the case, any written objections to the findings of fact, conclusions of law, or recommendations of the undersigned Magistrate Judge. Plaintiff's failure to file such written, specific objections within the 14-day period will bar appellate review of the proposed findings of fact, conclusions of law, and the recommended disposition. *See Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

**IT IS SO RECOMMENDED.**

Dated July 22, 2026, at Wichita, Kansas.

/S/BROOKS G. SEVERSON
Brooks G. Severson
United States Magistrate Judge