# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

MARVA R. BELL,

      Plaintiff,

      v.

COLEMAN YOUNGER, JIM NEWTON, AND
STACEY HARRISON,

      Defendant.

Case No. 26-2374-HLT-BGS

### ORDER ON MOTION TO SUPPLEMENT THE RECORD
### AND FOR LEAVE TO FILE MEDICAL RECORDS UNDER SEAL
### AND MOTION FOR EXEMPTION FOR PACER FEES

This matter comes before the Court on *pro se* Plaintiff Marva Bell's "Motion to Supplement the Record and Motion for Leave to File Medical Records Under Seal" (Doc. 11; *see also* Doc. 12, duplicative of Doc. 11).[1]  This motion is **DENIED**.  Also before the Court is Plaintiff's "Motion for Exemption from Payment of Pacer User Fees."  (Doc. 17.)  For the reasons set forth below, however, the Court **DENIES** this motion.

Although Plaintiff's claims are somewhat difficult to decipher, the Court has surmised that Plaintiff attempts to bring a legal malpractice claim against Defendant Younger, who may have represented her in an underlying personal injury (slip and fall) case or potential medical malpractice lawsuit.  (*See generally* Doc. 7. and attachments thereto; *see also* Case No. 26-4007, at Doc. 1-3, at 2, Doc. 1-4, and Doc. 7.)  The present case has been determined to be duplicative of Plaintiff's prior case filed in this District as No. 26-4007.  The facts of this case have been summarized in the undersigned Magistrate Judge's recent Report & Recommendation of Dismissal to the District

---

[1] Because Plaintiff's motion at Doc. 12 is entirely duplicative of her motion at Doc. 11, the motion at Doc. 12 is **DENIED as moot**.

Court. That factual summary is incorporated herein by reference.

**I.       Motion to Supplement the Record and Motion for Leave to File Medical Records Under Seal.  (Doc. 11.)**

By this motion, Plaintiff seeks leave to file her unredacted medical records under seal.  (Doc. 11.)  She contends that at the time of the underlying mediation in December 2025, her medical file was "incomplete, and the true extent of [her] injuries and damages could not be fully assessed prior to Defendant finalizing the Settlement."  (Doc. 11, at 2.)  She asks to submit her medical records to "demonstrate that [her] ex-counsel/Defendant(s) [sic] actions constituted legal malpractice by failing to properly evaluate the full scope of [her] medical claims."  (*Id.*, at 2-3.)  She continues that the documents contain "sensitive and confidential private health information" for which "the privacy interests of the Plaintiff outweigh the presumption of public access."  (*Id.*, at 3.)

Courts in this District recognize the "longstanding common-law right of public access to judicial records."  *See Robinson v. Holmes*, No. 21-2602-DDC-TJJ, 2022 WL 17569954, at *1 (D. Kan. Nov. 1, 2022) (citing *McWilliams v. Dinapoli*, 40 F.4th 1118, 1130 (10th Cir. 2022)).  This District acknowledges that the public's right to access "is fundamental to the democratic state" and preserves "the integrity of the law enforcement and judicial processes" because it provides the public with the opportunity to see how courts reach their decisions.  *McWilliams*, 40 F.4th at 1130.

This public right of access is not, however, absolute.  Rather, the party seeking to seal a judicial record must show "some significant interest that outweighs" the public interest in access to the records.  *Id.*  This is a heavy burden with sealing only being considered appropriate when the interest in confidentiality is "real and substantial."  *Id.*, at 1130-31.  "A party overcomes the presumption in favor of access to judicial records by articulating a real and substantial interest that justifies depriving the public of access to the records that informs the court's decision-making process."  *Robinson*, 2022 WL 17569954, at *1 (citing *Brown v. Flowers*, 974 F.3d 1178, 1187–88 (10th Cir. 2020)).

Here, Plaintiff argues that these records should be sealed because they have confidential medical information, but Plaintiff makes no effort to specifically discuss any such information actually contained in these exhibits. It is the long-standing rule in this District that the party seeking to seal a document "must come forward with evidence as to the nature of the public or private harm that would result if it were so filed." *Heartland Surgical Specialty Hosp., LLC v. Midwest Div., Inc.*, No. 05-2164, 2007 WL 101858, at *5 n.10 (D. Kan. Jan. 10, 2007).

As discussed above, Plaintiff contends that these records provide substantive proof that the true extent of injuries could not have been understood at the time the underlying medical malpractice case was mediated and resolved in December 2025. (Doc. 11, at 2.) Plaintiff also contends that these medical records prove that Defendant Younger committed legal malpractice "by failing to properly evaluate the full scope of [her] medical claims." (*Id.*, at 2-3.) Given the nature of Plaintiff's claims in the present case – wherein Plaintiff is clearly placing her medical condition at issue – the Court fails to see a significant interest in sealing medical records which "are the central issues to the case." *Chadwell v. United States*, No. 20-1372-JWB, 2024 WL 4298677, at *1 (D. Kan. Sept. 26, 2024). Plaintiff's oblique reference to the records "contain[ing] sensitive and confidential private health information" (Doc. 11, at 3) does not constitute the articulation of a significant interest that is "real and not speculative." *Id.*

Further, as indicated above, given the nature of Plaintiff's claims, these medical records are central to her case. Court in this District have denied motions to seal under such circumstances. *See id.*; *see also United States v. Washington*, No. CR 07-20090-02-KHV, 2020 WL 4673168, at *1 (D. Kan. Aug. 11, 2020). Plaintiff has placed her medical condition squarely at issue in this case. As such, "the public has an interest in information the court utilizes in resolving the motions at issue." *Id.* Plaintiff's motion is, therefore, **DENIED**.

Because the undersigned Magistrate recommends to the District Court that Plaintiff's case

be dismissed (*see* Doc. ---), the Court finds there is no existing need for the documents to have been filed or submitted to the Court in this case. Further, the Court instructs Plaintiff to refrain from simply filing evidentiary exhibits in this case that are unrelated to and/or not in support of a pending motion. Plaintiff voluntarily filed these documents in an effort to "supplement the record." This is unnecessary. The exhibits were not submitted in support of a pending motion. To the extent Plaintiff needed to reference passages or information from her medical records in this case, she "could have quoted from these documents or attached excerpts from these documents, but instead chose to file these documents in their entirety," which is improper. *See Q Link Wireless, LLC v. T-Mobile USA, Inc.*, No. 25-2042, 2025 WL 1548123, at \*4 (D. Kan. May 30, 2025) (citing **D**. **Kan**. **Rule 5**.**1(e)** (prohibiting the filing of bulky or voluminous materials in their entirety)).

Finally, there is no basis to seal Doc. 11, the underlying motion requesting the medical records be sealed. As such, Doc. 11, the motion itself, shall not remain under seal. Plaintiff's motion (Doc. 11) is **DENIED**. **The Clerk is, however, directed to strike the exhibits to Plaintiff's motion (Docs. 11-1 through 11-16)**. Consistent with the above analysis, the documents do not serve a purpose on the Court's docket as they were not filed in support of a pending motion (or response thereto).

## II.    Motion for Exemption from Payment of PACER User Fees.  (Doc. 17.)

Also before the Court is Plaintiff's motion asking that she be found to be exempt from PACER user fees. (Doc. 17.) Plaintiff, who was provisionally granted *IFP* status in this case, argues that "paying the standard PACER fees places an unreasonable financial burden on [her] due to [her] indigency." (*Id.*, at 2.)

Courts "may exempt certain persons … from payment of the user access fee." *See* Electronic Public Access Fee Schedule, Effective January 1, 2020 ("Fee Schedule"), available at *https://www.uscourts.gov/court-programs/fees/electronic-public-access-fee-schedule*. Even so, " '[e]xemptions

from PACER user fees are uncommon,' and '*[i]n forma pauperis* status alone does not support a request to waive PACER fees.' " *Crump v. Johnson Co. Board of Comm'rs*, No. 24-3046-JAR-RES, 2025 WL 2550216, at *1 (D. Kan. May 29, 2025) (quoting *Glenn v. Americo*, No. 24-cv-00184-TL, 2024 WL 5077345, at *1 (W.D. Wash. Dec. 11, 2024) (citation omitted)). "When considering whether to grant an exemption to the payment of these fees, a court must find that the individual seeking an exemption has demonstrated that an exemption is necessary in order to avoid unreasonable burdens and to promote public access to information." *Id.* (citing Fee Schedule). In this instance, the Court finds that Plaintiff has failed to do so.

"Plaintiff is not required to utilize the Court's electronic filing system, and nothing precludes him from filing paper documents with the Clerk's Office or requesting that defendants and the Court serve documents to him by U.S. mail." *Jaax v. Jayhawk Marina, Inc.*, No. 08-2421-KHV, 2009 WL 1226742 (D. Kan. Apr. 30, 2009). Although Plaintiff has submitted an email address to the Court, she has not registered for electronic filing via ECF. Case filings are being mailed to her. (*See e.g.* Notices of *Pro Se* Mailing, 6/29/26 and 6/30/26). "Because the electronic filing system is not required, Plaintiff will be able to proceed with filing and receiving filings in this case, regardless of [her] ability to access PACER." *Crump*, 2025 WL 2550216, at *1. Plaintiff's motion (Doc. 17) is **DENIED**.

**IT IS THEREFORE ORDERED** that Plaintiffs' "Motion to Supplement the Record and Motion for Leave to File Medical Records Under Seal" (Doc. 11) **DENIED** while the duplicative motion (Doc. 12) is **DENIED as moot**. **The Clerk is directed to strike the exhibits to Plaintiff's motion (Docs. 11-1 through 11-16).**

**IT IS FURTHER ORDERED** that Plaintiffs' "Motion for Exemption from Payment of PACER User Fess" (Doc. 17) is **DENIED**.

**IT IS SO ORDERED.**

Dated July 22, 2026, at Wichita, Kansas.

/s/BROOKS G. SEVERSON
Brooks G. Severson
United States Magistrate Judge