**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**MARVA R. BELL,**

**Plaintiff,**

**v.**

**COLEMAN YOUNGER, JIM NEWTON, and STACEY HARRISON,**

**Defendants.**

**Case No. 2:26-cv-02374-HLT-BGS**

## ORDER

Plaintiff filed this action pro se in June 2026.[1] Plaintiff is unhappy with a personal-injury settlement her former attorney negotiated on her behalf. She sued him for legal malpractice and sued two insurance adjusters with American Family Insurance Company. It is unclear what cause of action Plaintiff brings against the insurance adjusters; they are only listed in the case caption without any specific factual allegations about them.

Judge Severson granted Plaintiff leave to proceed in forma pauperis (Doc. 5) and issued a Report and Recommendation (R&R) related to Plaintiff's original complaint on June 29, 2026. Doc. 6. Judge Severson withdrew that R&R as moot the same day because, unbeknownst to her, Plaintiff had filed an amended complaint. Docs. 7, 10. Judge Severson reviewed the amended complaint and other motions that Plaintiff filed in the interim. She then filed a new R&R on July 22. Doc. 22. The new R&R recommends dismissing the case for lack of subject-matter jurisdiction and failure to state a claim. It also recommends denying Plaintiff's motions to vacate settlement (Doc. 8), alter judgment (Doc. 18), and to disqualify the mediator (Doc. 15).

---

[1] The Court liberally construes Plaintiff's pro se filings and holds them to a less stringent standard than those drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court does not assume the role of advocate. *Id*.

Plaintiff moved for additional time to object to Judge Severson's first R&R even though that R&R had been withdrawn. Doc. 19. Plaintiff then filed two separate objections to Judge Severson's second R&R. Docs. 24, 29. She filed a motion to voluntarily dismiss without prejudice and a motion to transfer the case to state court. Docs. 28, 30. And she filed another motion to proceed in forma pauperis. Doc. 27. The Court addresses Judge Severson's R&R and the various motions it covers, plus the additional motions not covered by the R&R.

**Judge Severson's R&R.**

Judge Severson recommends that the Court dismiss Plaintiff's amended complaint and deny three of Plaintiff's motions. She reviewed the allegations of Plaintiff's amended complaint and concludes that Plaintiff has not established this Court's subject-matter jurisdiction. Alternatively, she recommends dismissal for failure to state a claim. Judge Severson also recommends that this Court deny Plaintiff's motion to vacate settlement because the settlement agreement is in a different case and Plaintiff does not identify a valid basis for relief. She recommends that this Court deny Plaintiff's request to disqualify the mediator because the mediator acted in another case and because Plaintiff has not shown any newly discovered evidence or impartiality on the part of the mediator. And Judge Severson recommends that the Court deny as moot Plaintiff's motion to alter or amend judgment because it appears Plaintiff challenges her June 29 R&R. But Judge Severson withdrew that R&R, and there is no judgment to alter or amend.

Plaintiff filed two documents purporting to object to the second R&R. In one, she objects only to Judge Severson's recommendation that the case be dismissed for lack of subject-matter jurisdiction and suggests that the Court has federal question jurisdiction. Doc. 24. In the other, she appears to concede that the Court lacks subject-matter jurisdiction but argues Judge Severson should have recommended transfer instead of dismissal. Doc 29.

The district judge reviews de novo those portions of a magistrate judge's R&R to which specific written objections have been made. Fed. R. Civ. P. 72(b)(2)-(3). Objections must be specific and timely. *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). If no specific objections are made timely, the district judge may review the R&R under any standard she finds appropriate. *Price v. Kansas*, 2016 WL 4500910, at *1 (D. Kan. 2016) (citing *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991)). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

Here, Plaintiff makes one objection to the R&R. She contends the Court has federal question jurisdiction.[2] But she then confuses the objection by conceding the Court lacks jurisdiction. Regardless, Plaintiff has not identified a source of federal jurisdiction. The Court lacks federal question jurisdiction because she asserts state-law claims against her former attorney. And the Court lacks diversity jurisdiction because she and her former attorney are Kansas citizens. Plaintiff does not address the other matters in the R&R and therefore waives de novo review of Judge Severson's other recommendations.

Even considering all matters under de novo review, the Court agrees with Judge Severson's assessment. Plaintiff has not identified a basis for subject-matter jurisdiction. She has not shown why this case is the proper vehicle to vacate a settlement in another case. And she has not identified a judgment in this case for the Court to alter or amend. The Court adopts in full Judge Severson's analysis and reasoning on subject-matter jurisdiction and on Plaintiff's motions. The Court dismisses this case without prejudice for lack of jurisdiction and denies all other motions.

---

[2] Plaintiff cites 42 U.S.C. § 1983. But this also appears to be a generic prompt erroneously left in her filing. To the extent she means to suggest that she brings a § 1983 claim, such claim is improper because she makes no allegations that a state actor was involved in the case.

**Plaintiff's motion for additional time to object (Doc. 19).**

Plaintiff's motion for additional time to object to Judge Severson's original R&R is moot. Judge Severson withdrew the R&R because Plaintiff filed an amended complaint. And Plaintiff objected to the new R&R. The Court denies as moot Doc. 19.

**Plaintiff's motion to proceed in forma pauperis (Doc. 27).**

Plaintiff filed a second motion to proceed in forma pauperis. But Judge Severson already granted her leave to proceed without prepayment of the filing fee. Doc. 5. Judge Severson provisionally granted her motion but noted that Plaintiff would be required to "provide the requisite supplemental financial information" in the event her case is not dismissed. Because the Court is dismissing the case, Plaintiff is not required to pay the filing fee, provide supplemental information, or further show financial inability to do so. The Court denies as moot Plaintiff's second IFP motion.

**Plaintiff's motion to voluntarily dismiss (Doc. 28) and motion to transfer (Doc. 30).**

Finally, Plaintiff "acknowledges the jurisdictional limitations raised in the R&R and intends to refile this action in the appropriate state[] court of competent jurisdiction." Doc. 28. She seeks voluntary dismissal without prejudice to allow her to refile. Alternatively, Plaintiff asks the Court to transfer the case to the Sedgwick County Kansas District Court. Doc. 30. The Court denies both requests. First, the Court finds that it lacks subject-matter jurisdiction over this matter. The Court therefore dismisses the case without prejudice on that basis. Second, the Court can't remand the case to state court because the case originated in federal court (it was not removed to federal court from state court). Plaintiff cites 28 U.S.C. § 1631. But this statute is a mechanism to transfer a case from one federal court to another; it is not a grant of authority to transfer a case from federal court to state court. *Moravian School Advisory Board of St. Thomas, V.I. v. Rawlins*, 70 F.3d 270,

274 (3rd Cir. 1995) ("Because §§ 1631 and 610 clearly demonstrate that Congress intended to limit the authority of the federal courts to transfer cases only to other federal courts, we have held that § 1631 provides no authority for a federal court to transfer a case over which it lacks jurisdiction to a state court."). The Court denies these motions.

THE COURT THEREFORE ORDERS that Judge Severson's second R&R (Doc. 22) is ADOPTED. The Court lacks subject-matter jurisdiction over the case and dismisses it without prejudice. The Court DENIES Plaintiff's motions to vacate settlement (Doc. 8), to disqualify mediator (Doc. 15), and to alter or amend judgment (Doc. 18) for the reasons stated by Judge Severson.

THE COURT FURTHER ORDERS that Plaintiff's motion for additional time (Doc. 19) and motion to proceed in forma pauperis (Doc. 27) are DENIED AS MOOT.

THE COURT FURTHER ORDERS that Plaintiff's motion to voluntarily dismiss (Doc. 28) and motion to transfer (Doc. 30) are DENIED.

The case is closed. Plaintiff has 30 days to appeal this decision under Fed. R. App. P. 4(a).

IT IS SO ORDERED.

Dated: August 11, 2026

/s/ *Holly L. Teeter*
HOLLY L. TEETER
UNITED STATES DISTRICT JUDGE